UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

M.A.,                                          )
                                               )
        Plaintiff,                             )        Case No. 5:24-cv-00189-GFVT
                                               )
v.                                             )
                                               )        **MEMORANDUM OPINION**
FRANK BISIGNANO, *Acting*                      )              **&**
*Commissioner of Social Security*,             )            **ORDER**
                                               )
        Defendant.                             )

                      ***   ***   ***   ***

Plaintiff M.A. seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner

of Social Security's administrative decision denying his application for Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI").[1]  For the reasons stated below, the

Court will **DENY** M.A.'s Brief [R. 11] and **GRANT** that of the Commissioner [R. 12].

                                    **I**

M.A. filed his application for benefits on September 22, 2021.  [R. 11 at 1.]  His

application was denied initially and upon reconsideration.  *Id.*  M.A. then submitted a written

request for a hearing.  *Id.*  Administrative Law Judge ("ALJ") Karen Jackson conducted a

hearing on July 12, 2023.  *Id.*  M.A. alleges disability due to a number of impairments.  *Id.* at 2.

He suffers from degenerative disc disease of the cervical spine, degenerative disc disease of the

lumbar spine, carpal tunnel syndrome in both hands, osteoarthritis of both hips, and migraine

headaches.  *See id.*

---

[1] The claimant's initials are used in lieu of their name to protect their sensitive medical information contained
throughout the Memorandum Opinion and Order.

In evaluating a claim of disability, the ALJ conducts a five-step analysis.  *See* 20 C.F.R. § 404.1520.[2]  First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled."  20 C.F.R. § 404.1520(d).  Before moving to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assesses an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairments experienced by the individual.  *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.  Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled."   20 C.F.R. § 404.1520(e).  The plaintiff has the ultimate burden of proving compliance with the first four steps.  *Kyle v. Comm'r Of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010).   Fifth, if a claimant's impairments (considering his RFC, age,

---

[2] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520.  Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

education, and past work) prevent him from doing other work that exists in the national economy, he is "disabled." 20 C.F.R. § 404.1520(f).

In this case, the ALJ issued her written decision on August 30, 2023. [R. 10 at 67.] At Step 1, the ALJ found that M.A. has not engaged in substantial gainful activity since December 21, 2020. *Id.* at 48. At Step 2, the ALJ found that M.A. had the following severe impairments: "degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; carpal tunnel syndrome in both hands; and osteoarthritis of both hips." *Id*. At Step 3, the ALJ concluded that M.A. did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525 and 404.1526)," so her analysis continued to the next step. *Id*. at 51. At Step 4, the ALJ concluded that M.A. has an RFC to "perform light work" subject to certain limitations. *Id.* at 32. Those limitations include that "[t]he claimant must avoid concentrated exposure to vibration and hazards such as unprotected heights or dangerous machinery." *Id.* at 56. Finally, at Step 5, the ALJ found that "[t]he claimant is capable of performing past relevant work as a Chief Guard, Dictionary of Occupational Titles (DOT) 372.167-014." *Id.* at 66. As a result, she concluded that M.A. was not disabled. *Id.* at 67. The Appeals Council found no reason for review. [R. 10 at 5.] M.A. now seeks judicial review in this Court.

## II

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (citation omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## A

M.A. first argues that the ALJ failed to give proper weight to the medical opinion of Dr. Ginny Gottschalk. [R. 11 at 10.] M.A. attended an examination with Dr. Gottschalk. *Id.* at 6. Dr. Gottschalk, the treating provider, concluded that M.A.'s condition caused M.A. to be off-task at least 25% of the day and take off more than 4 days of work per month. *Id.* Dr. Gottschalk also found that "that the claimant could frequently lift 20 pounds, occasionally carry 20 pounds, and frequently carry 10 pounds. Dr. Gottschalk wrote that the claimant could sit eight hours in an

eight-hour day, stand for four hours, and walk four hours in an eight-hour day." [R. 10 at 62.]

The ALJ concluded:

> Her opinion was also not consistent with the findings of the consultative examiner. Dr. DeLawrence found that the claimant walked with a normal posture and a gait that was not unsteady, lurching, or unpredictable, and that he walked without the use of a handheld assistive device. She found that he had normal grip strength in his dominant right hand, and slightly reduced grip strength in his left hand (Ex. 5F/1, 3-4). Therefore, with a lack of support from her own examinations, and with a lack of consistency with the consultative examiner, this opinion was not persuasive.

[R. 10 at 62.]  Under 20 C.F.R. § 404.51520c[3], the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a).  Further, while the ALJ must articulate consideration of all medical opinions, the new regulations no longer mandate the "controlling weight" analysis or the "good reasons" standard in weighing a treating source opinion. *Compare* 20 C.F.R. § 404.1527(c)(2) *with* 20 C.F.R. § 404.1520c(a), (b).

M.A. argues that the ALJ, in finding Dr. Gottschalk's opinion unpersuasive, "selectively cited abnormal findings observed by Dr. Gottschalk before concluding that 'none' of her findings supported her 'extreme' limitations". [R. 11 at 10.]  The Court, however, finds that the ALJ adequately considered Dr. Gottschalk own examination findings in terms of supportability and consistency in reaching the conclusion that Dr. Gottschalk's opinion was inconsistent both with her own findings and others' medical findings.  The ALJ explained that the opinion is not well supported because it is inconsistent with the other evidence.  Some examples include "[d]espite her opinion, Dr. Gottschalk's examination showed Plaintiff was in no acute distress and had a

---

[3] The new regulations for evaluating medical opinions apply in this case because the Plaintiff's claim was filed after March 27, 2017.

normal appearance, a normal heart inspection, no lower extremity edema, and normal pulmonary effort." [R. 12 at 11.]

Plaintiff also argues that the ALJ improperly found the Dr. Jonelle DeLawrence's opinion unpersuasive. [R. 11 at 11.] The ALJ concluded that "aspects of her opinion are so vague and non-quantitative that the undersigned was unable to determine if they had support from or consistency with the record." [R. 10 at 62.] The Court finds that the ALJ properly considered Dr. DeLawrence's opinion and provided a well-reasoned statement as to why she found the opinion to be only "partially persuasive." [R. 10 at 62.] Further, the Court does not find that the record was so "inadequate or incomplete," such that the ALJ would be required to recontact the physician. *See Littlepage v. Chater*, 1998 WL 24999 (6th Cir.1998) (construing similar provision regarding recontacting treating source, court found ALJ properly discounted report not supported by record and did not err by not recontacting source for clarification).

Ultimately, the ALJ's explanation is sufficiently detailed to enable M.A. to understand why Dr. Gottschalk's medical opinion was granted little weight and why Dr. DeLawrence's medical opinion was only partially persuasive. *Wilson,* 378 F.3d at 544; *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456, 464 (6th Cir. 2005); *see also Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006). This Court's role is not to resolve the alleged conflict in the evidence, but to determine if substantial evidence supports the ALJ's decision. *Ulman*, 693 F.3d at 713. Though there may have been evidence to the contrary, the record provides substantial evidence that M.A. does not require severe limitations, precluding this Court from reversing the ALJ. *Id.*

6

**B**

M.A. next argues that the ALJ discredited his testimony and statements regarding the combination of his impairments. [R. 11 at 9.] The ALJ is required to consider "limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity." 20 C.F.R. § 404.1545(e). The ALJ acknowledged the requirement to consider the combination of impairment when determining severity. [R. 10 at 51 ("The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.")]. Just because each impairment was discussed individually does not mean that the ALJ failed to consider them in combination. *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 591-92 (6th Cir. 1987) (per curiam). Thus, the Court finds that the ALJ properly considered the combination of the Plaintiff's impairments, including the cervical disc disease and migraine headaches, in determining whether the Plaintiff's impairments rise to the requisite level of severity.

**C**

M.A. next argues that the ALJ did not consider his subjective complaints regarding the extent of his impairments. [R. 11 at 12.] "An ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th 2003). The ALJ did consider M.A.'s subjective statements but ultimately concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." [R.10 at 57.] Because great deference is given to the ALJ's conclusion absent "compelling reasons," coupled with the fact that the ALJ provided a thorough discussion of her reasoning, the Court finds the

ALJ was reasonable in discounting M.A.'s statements. *See Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. 2013) ("The ALJ reasonably discounted [the plaintiff's] testimony concerning the severity of her pain because her testimony was inconsistent with the medical evidence in the record.").

M.A. also argues that the ALJ "did not discuss his daily activities at all with respect to his migraine-related impairment nor his limited ability to stand and walk contrary to the requirements of SSR 16- 3p and § 404.1529." [R. 11 at 12-13.]  However, in evaluating the ALJ's opinion as a whole, the ALJ noted that with respect to "adapting or managing oneself," "the claimant has no limitation." [R. 10 at 51.]  Specifically, the ALJ noted that M.A. "lived with his 13-year-old son, that he did his own activities of daily living and personal hygiene, that he had a driver's license, and that he drove a car." *Id.*  Even if this discussion was not directly related to M.A.'s migraine-related impairment, "[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006).  Ultimately, the ALJ's decision was reasonable and well-supported by the record with respect to M.A.'s subjective statements.

### III

Thus, after reviewing the record, the Court finds that the ALJ's decision finding M.A. is not disabled is supported by substantial evidence.  Even if the evidence could also support another conclusion, the ALJ's decision must stand because the evidence reasonably supports her conclusion.  *See Her*, 203 F.3d at 389-90; *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. M.A.'s Motion for Summary Judgment **[R. 11]** is **DENIED**; and

2. **JUDGMENT** in favor of the Commissioner will be entered contemporaneously herewith.

This the 5th day of September, 2025.

Gregory F. Van Tatenhove
United States District Judge